UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HEATHER MARVIN, )
)
        Petitioner )
)
vs. ) CAUSE NO. 3:11-CV-29 RM
) (Arising out of 3:10-CR-53(01) RM)
UNITED STATES OF AMERICA, )
)
        Respondent )

## OPINION and ORDER

Heather Marvin pleaded guilty to failure to appear and surrender for service of her sentence in 3:09-CR-30, in violation of 18 U.S.C. § 3146(a)(2), and was sentenced on September 10, 2010 to an 18-month term of imprisonment, to be served consecutively to the sentence imposed in 3:09-CR- 30. Ms. Marvin is now before the court requesting that her sentence be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Ms. Marvin's plea agreement reveals that she waived her right to appeal her conviction and sentence and to contest her conviction and sentence in a § 2255 proceeding. The plea agreement, signed by Ms. Marvin, her attorney H. Jay Stevens, and Assistant United States Attorney Frank Schaffer, contains the following language in paragraph 9(e):

> (e) I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand tat no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with that understanding and in consideration of the government's entry into this plea agreement,
>
> I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742, or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Despite the waivers and admissions in her plea agreement, Ms. Marvin now challenges her sentence, contending that she received ineffective assistance of counsel because her attorney "failed to tell the judge why [she' didn't surrender on Feb[ruary] 18, 2010."

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir.

2

2005); when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); or when the sentence is greater than the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

Ms. Marvin stated at her change of plea hearing that her plea was knowing and voluntary, that she had read and understood the terms of the plea agreement, that she told her lawyer everything counsel needed to know to represent her in this case, that she had discussed the plea agreement with her lawyer before the plea hearing, that she understood she was giving up her right to appeal or otherwise challenge her sentence, and that she was satisfied with the representation her lawyer had provided. At the plea hearing, Ms. Marvin also told the court that she was ordered to surrender to the U.S. Marshal's Office in South Bend on February 18, 2010 to serve her sentence in 3:09-CR-30, that she didn't surrender that day, and that she was arrested by Federal Marshals several weeks later in Michigan City, Indiana, and admitted that she was guilty of the offense charged in the indictment.

Ms. Marvin's sworn statements at her change of plea hearing are presumed to be truthful when deciding whether her plea was knowing and voluntary, Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000), and the record supports a finding that her guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to her." Berkey v. United States, 318

F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly and unambiguously sets forth the wavier of Ms. Marvin's right to appeal and to file a § 2255 petition, the court explained the waiver to her during the plea colloquy, and Ms. Marvin acknowledged that she understood. Because Ms. Marvin's plea was informed and voluntary, the waiver of her right to appeal or to file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

To the extent Ms. Marvin's claim could be construed as relating directly to the negotiation of the plea agreement, she can't succeed on her petition. "To prevail on [her] ineffective assistance claim, [Ms. Marvin] must demonstrate that [her] counsel's performance fell below an objective standard of reasonableness, and that 'the [alleged] deficient performance prejudiced the defense.' In order to satisfy the prejudice prong, [Ms. Marvin] must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984)). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [Ms. Marvin] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).

Ms. Marvin hasn't alleged she wouldn't have pleaded guilty had her lawyer acted differently, United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005); she hasn't set forth any legal argument(s) her lawyer could or should have raised; nor

4

has she outlined facts that could establish that the proceedings were fundamentally unfair or the result unreliable, especially in light of her admission that she failed to surrender on the date ordered by the court. Her stated reason for failing to report wasn't relevant to the offense charged. *See* United States v. Elliott, 467 F.3d 688, 690-691 (7th Cir. 2006) (affirmative defenses to a prosecution under 18 U.S.C. § 3146(c) "last no longer than the condition that makes reporting impracticable"). "It is an affirmative defense to a prosecution under this section that uncontrollable circumstances prevented the person from appearing or surrendering, and that the person did not contribute to the creation of such circumstances in reckless disregard of the requirement to appear or surrender, and that the person appeared or surrendered as soon as such circumstances ceased to exist." 18 U.S.C. § 3146(c). But Ms. Marvin hasn't argued that she surrendered "as soon as such circumstances ceased to exist." Indeed, she never surrendered. Federal Marshals found her hiding in an attic in Michigan City, Indiana, two weeks after her surrender date and the alleged hearing date in state court. The court heard and considered Ms. Marvin's proffered reason for failing to surrender at sentencing,:

> Ms. Marvin reported that she was trying to procure a court order to allow her cancer-stricken mother to have visitation rights with her children while she was serving her sentence, but the domestic relations judge continued the hearing until the day after she was supposed to report. Ms. Marvin's long history of defrauding people makes it difficult for the court to accept her explanation without considerable caution.

[Sentencing Memorandum at pp. 3-4].

Ms. Marvin isn't entitled to the relief she seeks. Her petition filed pursuant to 28 U.S.C. § 2255 [Doc. No. 23] is SUMMARILY DISMISSED, and the motion to proceed *in forma pauperis* [Doc. No. 24] is DENIED as unnecessary.

SO ORDERED.

ENTERED: <u>  January 27, 2011  </u>


<u>    /s/ Robert L. Miller, Jr.       </u>
Judge
United States District Court


cc: H. Marvin
     AUSA Frank Schaffer